UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. PARKER, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-00150-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SET HEARING ON SPEEDY TRIAL; NOTICE TO COMMENCE ACTION FOR DEPOSITIONS (ECF No. 11)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (ECF No. 5)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Gary Ray Bettencourt ("Plaintiff") is a state prisoner proceeding pro se and in forma in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on February 2, 2016. Plaintiff's complaint concerns allegations of deliberate indifference to serious medical needs, specifically dental matters.

### I.  Motion to Set Hearing on Speedy Trial

On August 1, 2016, Plaintiff filed a motion entitled, "Motion to Set Hearing on Speedy Trial; Notice to Commence Action for Depositions," requesting this matter be scheduled for a jury trial and that discovery commence. (ECF No. 11.) This matter has not been screened and no defendants have appeared in this action. The motion is deemed submitted.  Local Rule 230(l).

1

1    First, to the extent that Plaintiff is attempting to invoke Sixth Amendment speedy trial rights, such rights apply to criminal proceedings and not to civil cases, like this one. See Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 706–707 (9th Cir.1992); Lietzke v. City of Montgomery. No. 12CV0135, 2012 WL 2327708, at *2 (D. Ida. June 19, 2012) (citing 18 U.S.C. § 3161). Second, Plaintiff's requests to begin discovery and set this matter for trial are premature. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Also, as noted above, the Court has not yet screened Plaintiff's complaint to determine whether it is subject to dismissal, or whether the action should proceed to discovery on Plaintiff's claims. Therefore, Plaintiff's motion shall be denied. The Court will screen Plaintiff's complaint in due course.

**II.     Motion for Preliminary Injunction**

On February 29, 2016, Plaintiff filed a motion for a preliminary injunction against Defendants L. Parker, DDS; H. Crooks, DDS; and L. Guzman, dental assistant. Plaintiff argues that all of his claims in his complaint are true, and that Defendants should be investigated, arrested for criminal prosecutions and have their wages garnished. (ECF No. 5.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

As an initial matter, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc., 395

U.S. 100, 110, 89 S. Ct. 1562 (1969); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007). In this case, as discussed, the Court has not screened Plaintiff's complaint to determine whether it states a cognizable claim. Further, no defendant has been ordered served and no defendant has yet made an appearance. At this juncture, the Court lacks personal jurisdiction over the defendants and it cannot issue an order requiring them to take any action. Zenith Radio Corp., 395 U.S. at 110; Ross, 504 F.3d at 1138-39.

Moreover, to the extent Plaintiff seeks injunctive "relief" in the form of a criminal investigation or prosecution, it cannot be obtained through this action. The Court cannot compel any local prosecutor to investigate or instigate a criminal prosecution of this matter. See, e.g., Badwi v. Hedgpeth, No. C 08-02221 SBA PR, 2011 WL 89729, at *1 (N.D. Cal. Jan. 11, 2011). To the extent Plaintiff seeks any portion of Defendants' "wages," that is a claim for monetary damages, not for injunctive relief.

For these reasons, the Court shall recommend that Plaintiff's motion for a preliminary injunction, filed on February 29, 2016, be denied. Plaintiff will be given fourteen (14) days to file any objections to this recommendation.

**III.    Conclusion**

For the reasons explained above, the Court HEREBY ORDERS that Plaintiff's Motion to Set Hearing on Speedy Trial; Notice to Commence Action for Depositions, filed on August 1, 2016 (ECF No. 11), is DENIED.

Additionally, it is HEREBY RECOMMENDED that Plaintiff's Motion for Preliminary Injunction, filed February 29, 2016 (ECF No. 5), be DENIED.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

///

///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 3, 2016**                       /s/ *Barbara A. McAuliffe*
                                                                             UNITED STATES MAGISTRATE JUDGE