UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. PARKER, et al.,<br><br>　　　　Defendants. | No. 1:16-cv-00150-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION TO SET HEARING ON SPEEDY TRIAL AND NOTICE TO COMMENCE ACTION FOR DEPOSITIONS<br><br>(Doc. Nos. 14, 16) |

　　　　Plaintiff Gary Ray Bettencourt is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on February 2, 2016. (Doc. No. 1.)

**I.　　Introduction**

On August 1, 2016, plaintiff filed a motion entitled, "Motion to Set Hearing on Speedy Trial; Notice to Commence Action for Depositions," requesting that this matter be scheduled for a jury trial and that discovery commence. (Doc. No. 11.) On August 4, 2016, the magistrate judge to whom this matter was referred denied that motion. (Doc. No. 12.) The magistrate judge explained that to the extent plaintiff attempted to invoke Sixth Amendment speedy trial rights, such rights do not apply to this civil action. (*Id*. at 2.) Further, plaintiff's requests to begin discovery and set a trial in this matter are premature, because his complaint has not yet been

screened pursuant to 28 U.S.C. § 1915A.  As a result, the court has not yet determined if plaintiff's complaint, or any portion of it, is subject to dismissal as frivolous, malicious, for failure to state a claim upon which relief may be granted, or for seeking monetary relief from a defendant who is immune to such relief, as required by statute.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).  Finally, the magistrate judge explained that plaintiff's complaint would be screened in due course.

Currently before the court is plaintiff's renewed motion for this matter to be scheduled for a jury trial and for discovery to commence, originally dated August 12, 2016, but subsequently dated August 23, 2016, when it was resubmitted with copies of a summons plaintiff has drafted. (Doc. Nos. 14 and 16.)  The motion, as resubmitted to the court, consists of a copy of plaintiff's August 1, 2016 motion with exhibits, a copy of his complaint with exhibits, a copy of summonses plaintiff has drafted, and a verification form.  Plaintiff directs the verification form to the undersigned, and states that he objects to the magistrate judge's prior order, and renews his motion to set a trial and commence discovery in this matter.  (*Id.* at 100.)  The court construes this renewed motion filed by plaintiff as a motion to reconsider the magistrate judge's August 4, 2016 order denying plaintiff's previous motion, brought by plaintiff pursuant to Federal Rule of Civil Procedure 60(b)(6).

**II.     Motion for Reconsideration**

Federal Rule of Civil Procedure 60(b)(6) allows the court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances'" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co.*, Inc., 452 F.3d 1097, 1103 (9th Cir. 2006)).  The moving party "must demonstrate both injury and circumstances beyond his control."  *Latshaw*, 452 F.3d at 1103.  In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

/////

1       "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009), and " '[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .' " of that which was already considered by the court in rendering its decision. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (quoting *Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D.N.J. 1992)).

      In this case, plaintiff has presented no grounds for reconsideration of the magistrate judge's order. Plaintiff's requests for a trial date to be set and discovery to commence are premature, as the magistrate judge explained. Plaintiff's complaint must first be screened and the court must determine whether the complaint may be served and that litigation may continue, before an order permitting discovery and scheduling deadlines in this matter may be issued. There was no error in the magistrate judge's previous order that requires reconsideration.

**III.     Conclusion**

      Accordingly, plaintiff's renewed motion for this matter to be scheduled for a jury trial and for discovery to commence, dated August 23, 2016, (Doc. Nos. 14 and 16.), is denied.

IT IS SO ORDERED.

Dated:   **September 14, 2016**

                                                UNITED STATES DISTRICT JUDGE