| | |
|---|---|
| | |

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>        Plaintiff,<br><br>v.<br><br>L. PARKER, et al.,<br><br>        Defendants. | Case No. 1:16-cv-00150-DAD-BAM (PC)<br><br>ORDER DENYING MOTION FOR COURT AND CLERK TO RESPOND BY LETTER<br>(ECF No. 23)<br><br>ORDER DENYING MOTION CONCERNING A SETTLEMENT AND GARNISHMENTS WAGES; MOTION FOR SUMMARY JUDGMENT<br>(ECF No. 24)<br><br>ORDER DISREGARDING PLAINTIFF'S OBJECTIONS TO SCREENING ORDER AS MOOT<br>(ECF No. 25)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND COMPLAINT AND MOTION TO THE COURT REQUESTING SERVICE OF SUMMONS<br>(ECF No. 26)<br><br>ORDER DENYING REQUEST FOR STATUS OF CASE<br>(ECF No. 27)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Gary Ray Bettencourt ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on February 2, 2016. (ECF No. 1.)

1

On December 1, 2016, the Court issued a screening order dismissing Plaintiff's complaint for failure to state a claim, and granting leave to file a first amended complaint within thirty days. (ECF No. 22.) Thereafter, Plaintiff filed the following documents: motion for the Court and Clerk to respond by letter (ECF No. 23); motion for summary judgment (ECF No. 24); objections to screening order (ECF No. 25); motion to amend complaint (ECF No. 26); request for status of case (ECF No. 27). The Court will address these filings below.

### I. Request for Court and Clerk to Respond by Letter and Request for Status of Case

On January 3, 2017, Plaintiff filed a "Motion Request to the Court and Federal Court Clerk to Respond by Letter." (ECF No. 23.) Plaintiff appears to request a written response detailing whether his various "petitions and motion pleadings" were received by the Clerk, including five different motions. Plaintiff also filed a request for status of case on June 19, 2017, inquiring whether the Court had received eight listed motions. (ECF No. 27.)

Plaintiff is directed to the Court's February 3, 2016, First Informational Order in Prisoner/Civil Detainee Civil Rights Case. (ECF No. 3-1.) Plaintiff is reminded that letters to the Court or a judge, not styled as a motion, may be stricken or returned. (Id. at 2.) In addition, if Plaintiff seeks confirmation of receipt of a document, Plaintiff may submit an additional copy of the document, along with a pre-addressed, pre-paid postage envelope, and the Clerk of the court will return a file-stamped copy of the document to Plaintiff. (Id. at 3.)

Accordingly, Plaintiff's requests for the Court to respond by letter and for the status of his case are denied.

### II. Motion for Summary Judgment

Plaintiff's motion for summary judgment is premature. On December 1, 2016, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and dismissed it with leave to amend within thirty days. (ECF No. 22.) Currently, there is no operative complaint on file, no claims have been found cognizable, no defendants have been ordered served, and no defendants have appeared in this action. Therefore, Plaintiff's motion for summary judgment is denied as premature.

To the extent Plaintiff requests other relief in the form a settlement, punitive damages, and garnishment of wages, the requested relief is also denied as premature.

### III. Motion to Amend Complaint and Objections to Screening Order

Plaintiff requests leave to file an amended complaint. As noted above, no defendants have been ordered served and no defendants have appeared in this action. Therefore, the Court finds it appropriate to grant Plaintiff's request to file an amended complaint curing the deficiencies identified by the Court's December 1, 2016 screening order. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).

Plaintiff is reminded that he must state what each of the Defendants did that led to the deprivation of Plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient to raise a right of relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Plaintiff also may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is reminded that, as a general rule, an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

To the extent Plaintiff requests the Court to order service of summons on defendants, that motion is denied as premature. There is no operative complaint on file, and no claims have been found cognizable. Once the amended complaint is filed, screened, and found to have stated a cognizable claim against any defendant, a copy of the complaint will be sent to Plaintiff with service documents.

As Plaintiff's motion to amend the complaint has been granted, Plaintiff's objections to the Court's December 1, 2016 screening order are disregarded as moot.

///

///

3

**IV. Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for the Court and Clerk to respond by letter (ECF No. 23) is DENIED;
2. Plaintiff's motion concerning a settlement and garnishments wages and motion for summary judgment (ECF No. 24) is DENIED as premature;
3. Plaintiff's objections to the Court's screening order (ECF No. 25) are DISREGARDED as moot;
4. Plaintiff's motion requesting status of case (ECF No. 27) is DENIED;
5. Plaintiff's motion to amend the complaint and motion to the Court requesting service of summons on defendants (ECF No. 26) is GRANTED IN PART and DENIED IN PART;
6. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
7. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies the Court has identified in the December 1, 2016 screening order; and
8. **If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order, failure to prosecute, and failure to state a claim.**

IT IS SO ORDERED.

Dated: **August 4, 2017**     /s/ *Barbara A. McAuliffe*
                                                     UNITED STATES MAGISTRATE JUDGE