# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>L. PARKER, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00150-DAD-BAM (PC)<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　Background**

Plaintiff Gary Ray Bettencourt ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 1, 2016, the Court dismissed Plaintiff's complaint with leave to amend within thirty days. (ECF No. 22.) Thereafter, Plaintiff filed various motions and objections related to the prior screening order and status of the case. (ECF Nos. 23–25, 27.) On June 22, 2017, before the Court ruled on Plaintiff's motions, Plaintiff filed a motion to amend and a motion requesting service of summons. (ECF No. 26.)

On August 4, 2017, the Court issued an order granting Plaintiff's motion to amend the complaint, and denying as moot the remaining motions. (ECF No. 28.) Plaintiff was ordered to file an amended complaint within thirty (30) days of the date of service of that order. (Id. at 4.)

///

1

On August 14, 2017, Plaintiff filed a civil cover sheet, motion to proceed in forma pauperis, and petition for extraordinary writ. (ECF Nos. 29–31.) As it appeared that Plaintiff intended to file those documents with the Ninth Circuit, the Court issued an order disregarding the petition and civil cover sheet, and denying the motion to proceed in forma pauperis as moot. (ECF No. 34.)

Currently before the Court for screening is Plaintiff's first amended complaint, filed September 5, 2017. (ECF No. 33.)

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of

satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

Further, under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2009).  The Ninth Circuit has held that "a person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

### III. Plaintiff's First Amended Complaint

Plaintiff has filed a document titled "First Amended Prisoner Civil Rights Complaint," which is simply an amended complaint form that refers to attached copies of Plaintiff's original complaint and petition for extraordinary writ.  (ECF No. 33.)  Plaintiff requests that the Court accept his filing, as the "amended" complaint states the same claims as stated in the original complaint.  (Id. at 3.)

In its December 1, 2016 order, the Court clearly notified Plaintiff that his original complaint failed to state a cognizable claim against any of the Defendants.  The Court further provided the legal standards for alleging a denial of medical care claim under the Eighth Amendment, and granted Plaintiff an opportunity to amend.  (ECF No. 22.)

Plaintiff has not complied with the Court's order to cure the identified deficiencies in the original complaint.  Even if the Court were to accept Plaintiff's filing as a true first amended complaint, the same reasons the original complaint was dismissed would apply to the "amended" complaint.

Accordingly, Plaintiff's first amended complaint, like his original complaint, must be dismissed in its entirety for failing to state a claim upon which relief can be granted.  Moreover, because Plaintiff has already been provided an opportunity to amend his claims to no avail, the Court finds further leave to amend would be futile.  See Gonzalez v. Planned Parenthood, 759 F.3d 1112, 1116 (9th Cir. 2014) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.") (quoting Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)).

To the extent Plaintiff seeks reconsideration of the Court's December 1, 2016 screening order, that request should be denied. Plaintiff has presented no grounds for relief other than to argue that the amended complaint states the same claims as the original complaint. Moreover, the Plaintiff has already sought and been granted leave to amend since the screening order was issued, mooting any objections to that order.

### IV. Conclusion and Recommendations

For the above reasons, Plaintiff's amended complaint fails state a claim upon which relief may be granted under § 1983. Despite being provided with the relevant legal standards, Plaintiff has been unable to the cure the deficiencies in his complaint and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted under § 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 19, 2017**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE