# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>L. PARKER, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-00150-DAD-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br>(ECF No. 35)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　Background**

Plaintiff Gary Ray Bettencourt ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 19, 2017, the Court issued findings and recommendations recommending that this action be dismissed for failure to state a cognizable claim upon which relief may be granted. (ECF No. 35.)

On October 20, 2017, Plaintiff timely filed objections. (ECF No. 36.) Plaintiff states in his objections that at the time of the dental procedures at issue in this action, he only required a lower partial denture to replace two lower large teeth in the back of his jaw. However, Plaintiff was told that he was required to pass a teeth cleaning test before the lower partial denture could be manufactured. Plaintiff allowed them to clean his teeth, and that was when the two dentists

1

damaged his eight upper teeth that were good and healthy, but which now need to be pulled out. (Id. at 2–3.)

Pursuant to Plaintiff's objections, the Court finds it appropriate to vacate the September 19, 2017 findings and recommendations recommending dismissal for failure to state a claim. Having screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A, the Court finds that it states a claim for deliberate indifference in violation of the Eighth Amendment against Defendant Crooks for pulling two teeth that did not need to be pulled, and against Defendants Parker and Guzman for filing down six healthy teeth with a dental tool used for drilling cavities. However, the first amended complaint fails to state any other cognizable claims.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks

omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

Further, under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2009). The Ninth Circuit has held that "a person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**III.   Plaintiff's Allegations**

Plaintiff is currently housed at Mule Creek State Prison. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF"). Plaintiff names as defendants L. Parks, DDS; H. Crooks, DDS, and Dental Assistant L. Guzman.

Though the first amended complaint is difficult to decipher, Plaintiff appears to allege that during two dental appointments L. Parker and L. Guzman claimed to be cleaning Plaintiff's teeth, and instead filed down six healthy teeth with a dental tool used for drilling cavities. In addition, H. Crooks pulled out two healthy teeth that did not need to be pulled, when instead only one tooth needed capping. An unspecified person also injected something into Plaintiff's gums with a syringe needle.

Plaintiff alleges claims for medical malpractice, deliberate indifference, and intentional torts. Plaintiff requests the garnishment of Defendants' wages, monetary damages, and declaratory relief.

**IV.   Discussion**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–57; Moss, 572 F.3d at 969.

Plaintiff's first amended complaint is short, but is not a plain statement of his claims. It proceeds in a disjointed and confusing manner. The Court has attempted, in the summary above, to separate Plaintiff's factual allegations from his unnecessary legal arguments, citations, and legal conclusions. Nevertheless, it is difficult to follow Plaintiff's factual allegations due to the complaint's redundancy and disorganization. The complaint also attaches several pages of exhibits which are not explained, and contains references to exhibits which are not attached. Plaintiff has previously been provided with the applicable legal standards to cure these deficiencies, and further leave to amend is not warranted. However, as discussed below, the Court finds that Plaintiff has stated some cognizable claims, and those claims will be permitted to proceed.

**B. Eighth Amendment – Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo Cty., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an

inference that "a substantial risk of serious harm exists" and the official must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Moreover, negligence, inadvertence, or differences of medical opinion between the prisoner and health care providers, however, do not violate the Eighth Amendment. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Lyons v. Busi, 566 F.Supp.2d 1172, 1191–92 (E.D. Cal. 2008).

At the pleading stage, Plaintiff has stated cognizable claims for deliberate indifference against Defendant Crooks for extracting two healthy teeth that did not need to be pulled, and against Defendants Parker and Guzman for filing down six healthy teeth when they were supposed to be performing a cleaning only. Plaintiff has failed to state any other claims for deliberate indifference.

**C. State Law Claims**

Insofar as Plaintiff has alleged state law claims for various forms of negligence and malpractice by defendants, he has failed to allege compliance with the Government Torts Claims Act ("Act"). The Act requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007). Plaintiff has not done so here.

In the first amended complaint, Plaintiff alleges that he filed a Government Claims Board application within the applicable time limits, but that the application was denied. (ECF No. 33, p. 9.) Plaintiff then refers to several exhibits that are not attached to the first amended complaint, but do appear to be attached to the original complaint. (ECF No. 1, pp. 15–21.) The exhibits referenced include a letter from the Government Claims Program stating that documents submitted by Plaintiff failed to comply with Government Code section 905.2(c). (Id. at 16.) The remaining documents appear to be those originally submitted to the Government Claims Program,

5

1 | and there is no indication that Plaintiff ever attempted to file a corrected claim within the time allowed.

### D. Additional Relief

Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

With respect to Plaintiff's request that Defendants' wages be garnished, this remedy will not be granted. If Plaintiff prevails on a claim for monetary damages, he will receive a judgment in the amount awarded.

### V. Conclusion and Recommendation

Based on the foregoing, the Court HEREBY ORDERS that the findings and recommendations issued on September 19, 2017, (ECF No. 35), are VACATED.

Further, the Court finds that Plaintiff has stated cognizable claims against Defendants Crooks, Parker, and Guzman for deliberate indifference to serious medical needs in violation of the Eighth Amendment. However, Plaintiff has failed to state any other cognizable claims. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint and thus further leave will not be granted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

For the reasons stated, it is HEREBY RECOMMENDED as follows:

1. This action proceed on Plaintiff's claims of deliberate indifference in violation of the Eighth Amendment against Defendant Crooks for pulling two teeth that did not need

to be pulled, and against Defendants Parker and Guzman for filing down six healthy teeth with a dental tool used for drilling cavities, as set forth in Plaintiff's first amended complaint filed on September 5, 2017; and

2. All other claims be dismissed from this action for failure to state a claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 11, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE