1

2

3

4

5

6                        **UNITED STATES DISTRICT COURT**

7                          EASTERN DISTRICT OF CALIFORNIA

8

9    GARY RAY BETTENCOURT,                    Case No.  1:16-cv-00150-DAD-BAM (PC)

10                  Plaintiff,                ORDER DENYING PLAINTIFF'S MOTION
                                              CONCERNING A SETTLEMENT AND
11         v.                                 GARNISHMENT OF WAGES
                                              (ECF No. 40)
12   PARKER, *et al.*,
                                              ORDER DENYING PLAINTIFF'S DEMAND
13                  Defendants.               FOR TRIAL AND/OR SETTLEMENT
                                              CONFERENCE
14                                            (ECF No. 43)

15

16         Plaintiff Gary Ray Bettencourt ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

17   *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's first amended

18   complaint has been screened, and findings and recommendations allowing the cognizable claims

19   to proceed are pending before the District Judge.

20         On November 12, 2019, Plaintiff filed a "Motion Concerning a Settlement and

21   Garnishments of wages By Government Codes And or Settlement Conferences; or Trial; Motion

22   for Summary Judgement against the Three Defendants to Award money damages."  (ECF No.

23   40.)  On April 24, 2020, Plaintiff filed a "Mandate Demand for Trial, Jury Trial And Or

24   Settlement Conference."  (ECF No. 43.)

25         In both motions, Plaintiff requests various forms of relief, including a monetary settlement

26   of this action to include punitive and compensatory damages, garnishment of the wages of the

27   defendants to pay the settlement amount, a jury trial on Plaintiff's claims, and summary judgment

28   in Plaintiff's favor.  Plaintiff argues that he has sufficiently proved his claim against Defendants,

                                                1

1    and they are therefore liable for money damages.  Plaintiff further requests that the Clerk of the

2    Court send a current copy of the Federal Rules of Court and Local Rules, because he is in

3    administrative segregation and only allowed to go to the law library once in a while.  (ECF Nos.

4    40, 43.)

5         All of the relief sought in these motions is premature.  As noted above, although the

6    complaint has been screened and found to state some cognizable claims on which this action may

7    proceed, Plaintiff has not yet proved that Defendants are liable, or that any monetary damages are

8    warranted.  As such, at this time the Court declines to enter summary judgment in Plaintiff's

9    favor, award damages, or order any garnishment of wages.  Further, in order for proceedings such

10   as a settlement conference or a jury trial to go forward, Plaintiff must wait for Defendants to be

11   served and to appear in this action.  As of the date of this order, Defendants have not yet been

12   served.

13        With respect to Plaintiff's request for copies of the Court's Local Rules and the Federal

14   Rules of Civil Procedure, this request is also denied.  Plaintiff is informed that his *in forma*

15   *pauperis* status does not entitle him to free copies of documents from the Court.  E.g., Hullom v.

16   Kent, 262 F.2d 862, 863 (6th Cir. 1959.)  Generally, the Clerk of the Court charges $0.50 per

17   page for copies of documents.  See 28 U.S.C. § 1914(b).  Copies of up to twenty pages may be

18   made by the Clerk of the Court upon written request, prepayment of the copy fees, and

19   submission of a large, self-addressed stamped envelope.

20        Accordingly, Plaintiff's motion concerning a settlement and garnishment of wages, (ECF

21   No. 40), and demand for trial by jury and/or settlement conference, (ECF No. 43), are HEREBY

22   DENIED as premature.

     IT IS SO ORDERED.
23

24      Dated:   **June 23, 2020**            /s/ *Barbara A. McAuliffe*      _
                                              UNITED STATES MAGISTRATE JUDGE
25

26

27

28