# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PARKER, *et al.*,<br><br>　　　　Defendants. | Case No. 1:16-cv-00150-DAD-BAM (PC)<br><br>ORDER DENYING MOTION FOR COPIES<br><br>(ECF No. 53) |

　　　　Plaintiff Gary Ray Bettencourt ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims of deliberate indifference in violation of the Eighth Amendment against Defendant Crooks for pulling two teeth that did not need to be pulled, and against Defendants Parker and Guzman for filing down six healthy teeth with a dental tool used for drilling cavities. Defendants have returned executed waivers of service, and their answers or other responsive pleadings to the complaint are due on or before September 7, 2020. (ECF Nos. 50–52.)

　　　　Currently before the Court is Plaintiff's motion, filed August 28, 2020, where he appears to be seeking copies of all pleadings filed by the Attorney General in this action. (ECF No. 53.) Plaintiff states that due to COVID-19, at this time his institution's law library is only open on occasion for legal copies, and only if inmates have a court order from a judge. Plaintiff states that he has been contacted by Deputy Attorney General Jason R. Cale—defense counsel in this action—by letter, requesting from Plaintiff copies of all dental records from 2014 to 2020, and copies of all documents, including the original complaint, pleadings, and motions. Plaintiff

1

responded that all his dental files are privileged information and exempt from disclosure unless by court order, jury trial, or settlement conference.  Plaintiff also responded that he cannot violate the Court's order about discovery in good faith.  (Id.)

It is not clear to the Court what relief Plaintiff is seeking in this motion.  Plaintiff is informed that, as Defendants have not yet responded to the complaint, the Court has not yet issued a discovery and scheduling order in this action, and discovery has not yet opened in this case.  When the Court issues a discovery and scheduling order, that order will provide Plaintiff with additional information about how to proceed with discovery.

If Plaintiff is requesting that the Court provide him with copies of documents filed by the Defendants in this case, Plaintiff is informed that, aside from the executed waivers of service, Defendants have not filed any documents.  When Defendants file documents and motions with the Court, they will serve Plaintiff with his own copies, and it will be Plaintiff's responsibility to keep those copies for his own use.

In addition, Plaintiff is informed that the Clerk of the Court does not ordinarily provide free copies of case documents to parties, even those proceeding *in forma pauperis*.  See Hullom v. Kent, 262 F.2d 862, 863 (6th Cir. 1959.)  Plaintiff is responsible for maintaining his own records for this proceeding.  Plaintiff is informed that the Clerk charges $0.50 per page for copies of documents.  See 28 U.S.C. § 1914(b).  Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request, prepayment of the copy fees, and submission of a large, self-addressed stamped envelope.  Plaintiff should specifically identify which documents he wants copied.

For the foregoing reasons, Plaintiff's motion for copies, (ECF No. 53), is HEREBY DENIED.
IT IS SO ORDERED.

Dated:   **August 31, 2020**            /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

2