# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PARKER, *et al.*,<br><br>　　　　Defendants. | 1:16-cv-00150-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AS PREMATURE<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SETTLEMENT CONFERENCE<br><br>(ECF No. 67) |

**I.　Procedural Background**

Plaintiff Gary Ray Bettencourt ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims of deliberate indifference in violation of the Eighth Amendment against Defendant Crooks for pulling two teeth that did not need to be pulled, and against Defendants Parker and Guzman for filing down six healthy teeth with a dental tool used for drilling cavities.

On September 9, 2020, the Court identified this case as an appropriate case for the post-screening ADR (Alternative Dispute Resolution) project, set the case for a November 10, 2020 settlement conference, and stayed the action. (ECF No. 57.) On October 6, 2020, Defendants filed a request to opt-out of the ADR project. (ECF No. 62.) The Court granted the request, lifted the stay, and vacated the November 10, 2020 settlement conference. (ECF No. 63.) On October

7, 2020, the Court also opened discovery and issued a Discovery and Scheduling Order.  (ECF No. 64.)

Following an apparent request from Plaintiff for a case update regarding the settlement conference, on November 16, 2020, the Court issued an order clarifying that the settlement conference was vacated, this action is now proceeding with discovery, and the case is not currently set for any other settlement conferences or hearings.

Currently before the Court is a document titled "Motion & Request for Admission of Documents Pursuant to FRCP rule 36, Issues Summarily proves plaintiff case.  Motion for Summary Judgement; in favor of Plaintiff," filed by Plaintiff on December 1, 2020.  (ECF No. 67.)  Upon review of the document, the Court construes the filing as a motion to compel discovery responses, a motion for summary judgment, and a motion for a settlement conference.  Defendants have not yet had an opportunity to file a response, but the Court finds a response unnecessary.  The motions are deemed submitted.  Local Rule 230(l).

**II.     Motion to Compel**

Although difficult to understand, it appears that Plaintiff is arguing that Defendants have failed to timely respond to his discovery requests.  Based on the attachments to the motion, Plaintiff served his discovery requests on Defendants on November 9, 2020.  (ECF No. 67, p. 14.)  Pursuant to the Court's October 7, 2020 Discovery and Scheduling Order, "[r]esponses to written discovery requests shall be due **forty-five (45) days** after the request is first served."  (ECF No. 64, p. 1 (emphasis in original).)

As Plaintiff has not attached any other evidence of written discovery requests served on Defendants prior to November 9, 2020, Defendants responses are not due until forty-five days after service, which is December 24, 2020.  Thus, Plaintiff's motion to compel is premature.  If Defendants fail to respond by December 24, 2020, or Plaintiff finds Defendants' responses improper or insufficient, Plaintiff may re-file his motion to compel.  Plaintiff is advised that any motion to compel should include Plaintiff's written discovery requests, Defendants' responses, and an explanation of why those responses are not sufficient.

///

2

### III. Motion for Summary Judgment

Plaintiff also appears to be requesting that the Court grant summary judgment in his favor. Plaintiff's motion is denied, without prejudice, for failing to comply with Local Rule 260. Pursuant to that rule, "[e]ach motion for summary judgment . . . shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Local Rule 260(a).

Although Plaintiff has attached exhibits and other documents to his motion that he claims support his case, he has not included a separate statement of undisputed facts as required by Local Rule 260(a). Plaintiff will be permitted to re-file his motion at a future date in compliance with the Court's Local Rules.

### IV. Motion for Settlement Conference

As the Court has noted above, there is currently no settlement conference scheduled in this action, as Defendants have opted out of the Court's early ADR project. Plaintiff, however, requests that the Court set a settlement conference date in March 2021. Plaintiff argues that it will not take longer than that for the Attorney General to review Plaintiff's medical files and to agree on a settlement.

It is not for Plaintiff to decide how much time is necessary for Defendants to review Plaintiff's medical files, or to determine whether Defendants should agree to a settlement in this case. Without a clear indication from all parties to the action that they are at least willing to discuss settlement, the Court does not find that it would be an efficient use of judicial resources to set this case for a settlement conference at this time. The parties are reminded that they are free to discuss settlement of this matter at any time without judicial involvement by continuing to communicate among themselves. If in the future the parties jointly decide that this action would benefit from a Court-facilitated settlement conference, they may so inform the Court.

///

///

**V.      Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel, (ECF No. 67), is DENIED, without prejudice, as premature;
2. Plaintiff's motion for summary judgment, (ECF No. 67), is DENIED, without prejudice to re-filing in compliance with Local Rule 260(a); and
3. Plaintiff's motion for a settlement conference, (ECF No. 67), is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 2, 2020**                    /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE