# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>        Plaintiff,<br><br>    v.<br><br>PARKER, *et al.*,<br><br>        Defendants. | Case No. 1:16-cv-00150-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S DEMAND FOR TRIAL AND/OR SETTLEMENT CONFERENCE<br><br>(ECF No. 69) |

Plaintiff Gary Ray Bettencourt ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims of deliberate indifference in violation of the Eighth Amendment against Defendant Crooks for pulling two teeth that did not need to be pulled, and against Defendants Parker and Guzman for filing down six healthy teeth with a dental tool used for drilling cavities.

Currently before the Court is Plaintiff's filing, which appears to be a request for a jury trial and/or a settlement conference in this action, filed April 2, 2021. (ECF No. 69.) In the motion, Plaintiff alleges that he has written several letters to defense counsel in this action to attempt to set up a settlement phone call, but defense counsel has not responded since December 22, 2020. Plaintiff also refers to "Discoveries One and Discoveries Two," but it is not clear to the Court whether Plaintiff is referring to discovery requests or responses. It appears that Plaintiff remains interested in discussing a settlement in this action with defense counsel, but that he fears

that Defendants are pressuring defense counsel to go to a jury trial. Plaintiff therefore requests that the Court act on his motion – but it is not clear from the motion what relief Plaintiff is requesting. (Id.) Defendants have not yet had an opportunity to respond to the motion, but the Court finds a response is unnecessary. The motion is deemed submitted. Local Rule 230(l).

To the extent Plaintiff is requesting that the Court set this case for a jury trial the relief requested is premature. The deadlines for the filing of dispositive motions have not yet expired, and the Court declines to set a trial date until any dispositive motions are fully resolved.

If Plaintiff is requesting that the Court set this case for a settlement conference, Plaintiff is reminded that without a clear indication from all parties to the action that they are at least willing to discuss settlement, the Court does not find that it would be an efficient use of judicial resources to set this case for a settlement conference. The parties may continue to discuss settlement of this matter without the Court's involvement. Plaintiff is further reminded that Defendants are under no obligation to agree to attend a settlement conference rather than proceeding on dispositive motions or to a jury trial.

If Plaintiff is raising an issue with discovery requests he has submitted or responses to discovery requests, Plaintiff should file a separate motion to compel. Plaintiff is advised that any motion to compel should include Plaintiff's written discovery requests, Defendants' responses (if any), and an explanation of why those responses are not sufficient.

Accordingly, Plaintiff's motion for trial by jury and/or settlement conference, (ECF No. 69), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **April 5, 2021**              /s/ *Barbara A. McAuliffe*              _
                                                      UNITED STATES MAGISTRATE JUDGE