1

2

3

4

5

6

7

8                         **UNITED STATES DISTRICT COURT**

9                           EASTERN DISTRICT OF CALIFORNIA

10

11  GARY RAY BETTENCOURT,                    Case No.  1:16-cv-00150-DAD-BAM (PC)

12              Plaintiff,                   ORDER GRANTING DEFENDANTS'
                                             REQUEST TO SEAL DOCUMENTS
13       v.                                  (ECF No. 72)

14  PARKER, *et al.*,                        ORDER GRANTING REQUEST FOR
                                             EXTENSION OF DISCOVERY CUT OFF
15              Defendants.                  AND DISPOSITIVE MOTION DEADLINES
                                             (ECF No. 75)
16
                                             Discovery Deadline: **August 9, 2021**
17                                           Dispositive Motion Deadline: **October 18, 2021**

18                                           ORDER REGARDING DEFENDANTS'
                                             AMENDED MOTION TO COMPEL, AND
19                                           DIRECTING THE PARTIES TO MEET AND
                                             CONFER
20                                           (ECF No. 74)

21

22          Plaintiff Gary Ray Bettencourt ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

23  *forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds on

24  Plaintiff's claims of deliberate indifference in violation of the Eighth Amendment against

25  Defendant Crooks for pulling two teeth that did not need to be pulled, and against Defendants

26  Parker and Guzman for filing down six healthy teeth with a dental tool used for drilling cavities.

27          Currently before the Court are Defendants' request to seal documents attached to the

28  motion to compel, amended motion to compel, and request for extension of the discovery and

                                             1

1    dispositive motion deadlines.  (ECF Nos. 72, 74, 75.)  Although Plaintiff has not yet had the

2    opportunity to respond to the motions, the Court finds responses unnecessary, and the motions are

3    deemed submitted.  Local Rule 230(l).

4    **I.      Defendants' Request to Seal Documents**

5           On May 28, 2021, Defendants filed a request for redacted dental records filed with their

6    motion to compel to be lodged under seal.[1]  (ECF No. 72.)  Defendants explain that the dental

7    records are filed in support of the motion to compel, and were provided by Plaintiff in response to

8    Defendants' written discovery.  They are exclusively related to dental treatment, and privacy

9    concerns exist in relation to the records sought.  Public access to the records risks interfering with

10   the ability of prison dental staff to confidently provide medical services due to unmerited

11   criticism by those gaining access to Plaintiff's records.  (*Id.*)

12          Filings in cases such as this are a matter of public record absent compelling justification.

13   *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008).  However, "[t]his court, and others

14   within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a

15   'compelling reason' for sealing records."  *Chester v. King*, 2019 WL 5420213, at *2 (E.D. Cal.

16   Oct. 23, 2019).

17          The Court has conducted an *in camera* review of the documents and pages at issue and

18   determined that they contain Plaintiff's medical records.  As such, the Court finds good cause and

19   a compelling reason for sealing the records, and Defendants' request is granted.  The unredacted

20   materials will be filed and maintained under seal.

21   **II.     Defendants' Motion to Extend Discovery Cut Off and Dispositive Motion Deadlines**

22          Pursuant to the Court's October 7, 2020 Discovery and Scheduling Order, the deadline for

23   the completion of all discovery was June 7, 2021, and the deadline for filing all dispositive

24   motions is August 16, 2021.  (ECF No. 64.)

25   _____

26   [1] The motion to compel was originally filed the same date as the request to seal.  (ECF No. 71.)
     However, as the dental records in question were attached to the motion to compel and publicly
27   filed on the docket, the Court ordered the motion sealed and refiled with the dental records
     excluded.  (ECF No. 73.)  The amended motion to compel was refiled pursuant to Local Rule 141
28   on June 4, 2021.  (ECF No. 74.)

Defendants request that the Court continue both deadlines approximately sixty days, until August 7, 2021 and October 18, 2021, respectively.  (ECF No. 75.)  Defendants argue that good cause exists for the extension of time in light of the pending motion to compel, as obtaining proper discovery responses is necessary for Defendants to evaluate Plaintiff's claims and damages and the need to prepare for a dispositive motion.  In addition, Plaintiff's deposition was scheduled to take place on June 4, 2021, but could not move forward due to logistical issues with the court reporter's office and the prison institution.  Although the court reporter had anticipated and was scheduled to conduct the deposition via Zoom, transcribing the deposition remotely, prison staff informed defense counsel and the court reporter the day before the scheduled deposition that the prison did not have the ability to accommodate remote access for the court reporter.  As such, there was no possible way to move forward with the deposition, given it takes several days for clearance to be obtained for the court reporter to access the prison in person.  Defendants argue that the deposition of Plaintiff is vital to understand the basis of Plaintiff's claims and damages and cannot be taken prior to the current discovery deadline.  (*Id.*)

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.*  If the party was not diligent, the inquiry should end.  *Id.*

Having considered the moving papers, the Court finds good cause to grant the requested extensions of the discovery and dispositive motion deadlines, Fed. R. Civ. P. 16(b)(4), though the discovery deadline will be set for August 9, 2021, as August 7, 2021 falls on a Saturday.  In addition to the reasons provided, the additional time will allow the parties to meet and confer regarding the pending motion to compel, as discussed below.  Finally, the Court finds that Plaintiff will not be prejudiced by the extensions granted here.

///

///

3

**III.    Defendants' Amended Motion to Compel**

On June 4, 2021, Defendants filed an amended motion to compel Plaintiff to respond to Defendants' request for admissions and responses to request for production of documents.  (ECF No. 74.)

Under this Court's discovery and scheduling order, the parties are relieved of the requirement in Federal Rules of Civil Procedure 26 and 37, and Local Rule 251, to attempt to confer in good faith to resolve a discovery dispute prior to filing any motion to compel. Voluntary compliance is encouraged, but not required.  The Court's order further provides that the meet and confer requirement may be reimposed in any case that the Court deems it appropriate.  (ECF No. 64.)

Upon review of the motion to compel referenced above, the Court finds it appropriate to require the parties to engage in a meet and confer conference regarding their discovery dispute. Although the Court appreciates defense counsel's attempt to meet and confer with Plaintiff by letter, it appears that further efforts may be beneficial, as Plaintiff provided no response to the meet and confer letter.

Accordingly, Defense counsel is directed to contact Plaintiff by telephone, or to set-up an in-person meeting, regarding the parties' discovery dispute within **twenty-one (21) days** of the date of this order.  Briefing on the motion to compel is stayed during the meet and confer process, and the opposing party is relieved of their obligation to respond to the motion until further order of the Court.

In conducting the meet and confer conference, the parties are reminded that they are required to act in good faith during the course of discovery.  Complete, accurate, and truthful discovery responses are required.  False or incomplete responses violate the Federal Rules of Civil Procedure and subject an offending party and/or counsel to sanctions.  Boilerplate objections will not be tolerated and will be summarily overruled.  Privileges are narrowly construed and are generally disfavored.  Information not properly disclosed may be excluded from use at a hearing, motion, or trial.

///

Within **seven (7) days** of the parties' conference, defense counsel shall file a Joint Statement regarding the meet and confer conference.  All parties shall participate in the preparation of the Joint Statement, and must sign the Joint Statement.  Electronic signatures are acceptable; a wet signature is not required.

The Joint Statement shall set forth the following:

(a) a statement that the parties met and conferred in good faith regarding the dispute, by phone or in-person, including the date(s) of the conference(s);

(b) a statement explaining whether the motion to compel was resolved in full or in part through the meet and confer process; and

(c) if any issues from the motion remain unresolved, a statement referring the court to each specific discovery request that is still at issue.

Upon review of the Joint Statement, the Court shall issue a further order regarding the motion to compel.  No additional filings may be made regarding the motion to compel unless and until ordered by the Court.

**IV.	Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.	Defendants' request for redacted dental records filed with motion to compel to be lodged under seal, (ECF No. 72), is GRANTED;

   a.	The submitted redacted dental records shall be filed and maintained under seal;

2.	Defendants' motion to extend discovery cut off and dispositive motion deadlines, (ECF No. 75), is GRANTED;

   a.	The deadline for the completion of all discovery, including filing all motions to compel discovery, is extended from June 7, 2021 to **August 9, 2021**;

   b.	The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust), is extended from August 16, 2021 to **October 18, 2021**;

3.	The parties are ordered to meet and confer regarding Defendants' motion to compel, (ECF No. 74), as outlined above;

a.  Plaintiff is relieved of the obligation to respond to the motion to compel until further order of the Court;

b.  Within **thirty (30) days** of the date of service of this order, a Joint Statement shall be filed in this matter as outlined above; and

c.  <u>**The parties are warned that the failure to meet and confer in good faith as set forth in this order, or to comply with any of its terms, will result in the imposition of sanctions, which may include dismissal of the action.**</u>

IT IS SO ORDERED.

Dated:   **June 9, 2021**                         /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

6