# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>Plaintiff,<br><br>v.<br><br>PARKER, *et al.*,<br><br>Defendants. | Case No. 1:16-cv-00150-DAD-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 77) |

Plaintiff Gary Ray Bettencourt ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims of deliberate indifference in violation of the Eighth Amendment against Defendant Crooks for pulling two teeth that did not need to be pulled, and against Defendants Parker and Guzman for filing down six healthy teeth with a dental tool used for drilling cavities.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed June 24, 2021. (ECF No. 70.) Although Defendants have not yet had the opportunity to file a response, the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

In his motion, Plaintiff states that he is not a lawyer and this case is in need of appointment of counsel to protect Plaintiff's interests. (ECF No. 70.) Plaintiff argues that appointment of counsel is necessary to articulate the seriousness and complexities of this case. Plaintiff further presents arguments going to the merits of Defendants' pending motion to compel, which the Court declines to address at this time.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954

n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and with limited education in the law daily.  These litigants also must conduct legal research, answer discovery requests, and litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Though Plaintiff is proceeding on cognizable claims, this does not mean that Plaintiff will succeed on his constitutional claims.  Finally, based on a review of the record in this case, the Court finds that Plaintiff can adequately articulate his claims.

Based on the foregoing, Plaintiff's motion to appoint counsel, (ECF No. 77), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:  **June 25, 2021**           /s/ *Barbara A. McAuliffe*
                                                                              UNITED STATES MAGISTRATE JUDGE