# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PARKER, *et al.*,<br><br>　　　　Defendants. | Case No.  1:16-cv-00150-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUBMISSION OF MEET AND CONFER EXHIBITS AND MOTION FOR SETTLEMENT CONFERENCE<br><br>(ECF No. 84) |

　　　　Plaintiff Gary Ray Bettencourt ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's claims of deliberate indifference in violation of the Eighth Amendment against Defendant Crooks for pulling two teeth that did not need to be pulled, and against Defendants Parker and Guzman for filing down six healthy teeth with a dental tool used for drilling cavities.

　　　　On June 4, 2021, Defendants filed an amended motion to compel Plaintiff to respond to Defendants' request for admissions and responses to request for production of documents.  (ECF No. 74.)  The Court directed the parties to meet and confer regarding the discovery dispute and to file a joint statement following the parties' conference.  (ECF No. 76.)  Following the meet and confer, Defendants filed a withdrawal of their motion to compel.  (ECF No. 81.)

　　　　Currently before the Court is Plaintiff's motion for submission of meet and confer exhibits and a motion for a settlement conference, filed August 6, 2021.  (ECF No. 84.)  In response to the Court's order directing Defendants to file a response regarding Plaintiff's request for a settlement conference, (ECF No. 85), Defendants filed a response on August 30, 2021.  (ECF No. 86.) Plaintiff has not filed a reply, and the deadline to do so has expired.  The motion is deemed

submitted.  Local Rule 230(l).

In his motion, Plaintiff requests permission to submit to the Court certain exhibits and documents discussed during the parties' meet and confer, including dental records and copies of requests Plaintiff apparently submitted requesting further medical records.  (ECF No. 84, pp. 7–8.)  These documents are attached to Plaintiff's motion.  (*Id.* at 17–69.)  Plaintiff requests, based on these records and his arguments that they provide evidence to support judgment in his favor, that the Court order a settlement conference.  (*Id.*)

In opposition, Defendants indicate that they do not believe a settlement conference would be beneficial based upon the significant disparities of the issues between the parties, and their anticipated summary judgment motion on the merits of Plaintiff's claims.  (ECF No. 86.)  Defendants state that if their motion for summary judgment is denied, they would be open to reconsidering their position and the potential benefits of a settlement conference.  (*Id.*)

Plaintiff's request is denied.  The Court cannot serve as storage for the parties' evidence, and parties may not file evidence with the Court until the course of litigation brings the evidence into question.  Furthermore, based on Defendants' statement that they do not believe a settlement conference would be beneficial at this time, the Court declines to set this case for a settlement conference.  The parties are reminded that they are free to discuss settlement of this matter at any time without judicial involvement by continuing to communicate among themselves.  If in the future the parties jointly decide that this action would benefit from a Court-facilitated settlement conference, they may so inform the Court.

Accordingly, Plaintiff's motion for submission of meet and confer exhibits and motion for settlement conference, (ECF No. 84), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **September 16, 2021**          /s/ *Barbara A. McAuliffe*          
                                                  UNITED STATES MAGISTRATE JUDGE