1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT, | Case No.  1:16-cv-00150-DAD-BAM (PC) |
| Plaintiff, | ORDER CONSTRUING PLAINTIFF'S FILINGS AS MOTION FOR SUMMARY JUDGMENT<br>(ECF Nos. 88, 89) |
| v. | |
| PARKER, *et al.*, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE TO RE-FILING<br>(ECF Nos. 88, 89) |
| Defendants. | |
| | ORDER EXTENDING DEADLINE FOR PLAINTIFF TO RE-FILE MOTION FOR SUMMARY JUDGMENT |
| | **SIXTY (60) DAY DEADLINE** |

Plaintiff Gary Ray Bettencourt ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's claims of deliberate indifference in violation of the Eighth Amendment against Defendant Crooks for pulling two teeth that did not need to be pulled, and against Defendants Parker and Guzman for filing down six healthy teeth with a dental tool used for drilling cavities.

On September 30, 2021, Plaintiff filed two documents, titled "Joint-Statement, Motion on Summary Judgment, Summary Adjudication Submission of Meet and Confer Exhibits, Affidavits," (ECF No. 88), and "Motion for New Proposed, Action, Court Supervised Settlement

1

1  Conference. Objection to Defense Counsels Responses to (ECF 84) and Motion to Approve Trial

2  by Magistrate Judge," (ECF No. 89).  Though the filings are difficult to understand, it appears to

3  the Court that Plaintiff is attempting to file a motion for summary judgment.  The Court construes

4  the filings accordingly.

5       Defendants have not yet had an opportunity to respond to the filings, but the Court finds a

6  response unnecessary, as discussed below.  The motion is deemed submitted.  Local Rule 230(l).

7       Upon review of the filing, the Court notes that Plaintiff's motion for summary judgment

8  does not include a "Statement of Undisputed Facts," as required by Local Rule 260(a) and

9  Federal Rule of Civil Procedure 56(c)(1).  To assist Plaintiff, the Court sets forth the relevant

10 sections below.

11      Local Rule 260(a) provides:

12      (a) **Motions for Summary Judgment or Summary Adjudication.**  Each motion
       for summary judgment or summary adjudication shall be accompanied by a
13     "Statement of Undisputed Facts" that shall enumerate discretely each of the
       specific material facts relied upon in support of the motion and cite the particular
14     portions of any pleading, affidavit, deposition interrogatory answer, admission, or
       other document relied upon to establish that fact.  The moving party shall be
15     responsible for the filing of all evidentiary documents cited in the moving papers.
       *See* Local Rule 133(j).
16

17      Federal Rule of Civil Procedure 56(c)(1) provides:

18      (c) **Procedures.**
           (1) *Supporting Factual Positions*.  A party asserting that a fact cannot be
19     or is genuinely disputed must support the assertion by:
               (A) citing to particular parts of materials in the record, including
20         depositions, documents, electronically stored information, affidavits or
           declarations, stipulations (including those made for purposes of the motion
21         only), admissions, interrogatory answers, or other materials; or
               (B) showing that the materials cited do not establish the absence or
22         presence of a genuine dispute, or that an adverse party cannot produce
           admissible evidence to support the fact.
23

24      In light of Plaintiff's *pro se* status, and the existing October 18, 2021 deadline for the

25 filing of dispositive motions, (*see* ECF No. 76), the Court finds it appropriate to grant Plaintiff a

26 brief extension of time to re-file his motion for summary judgment, if he wishes to do so.  The

27 Court finds that this will allow Plaintiff to receive the instant order and to re-file his motion for

28 summary judgment in compliance with the Local Rules and the Federal Rules of Civil Procedure.

The Court further finds that Defendants will not be prejudiced by the brief extension granted here.

Accordingly, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's filings of September 30, 2021, (ECF Nos. 88, 89), are construed as a motion for summary judgment;

2.  Plaintiff's motion for summary judgment, (ECF Nos. 88, 89), is DENIED, without prejudice to re-filing in compliance with the Court's Local Rules and the Federal Rules of Civil Procedure; and

3.  Plaintiff's re-filed motion for summary judgment, if any, shall be filed within **sixty (60) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   **October 7, 2021**                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE