1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   GARY RAY BETTENCOURT,                    Case No.  1:16-cv-00150-DAD-BAM (PC)

12              Plaintiff,                     ORDER DENYING MOTION FOR LEAVE
                                               TO FILE NOTICE OF APPEAL
13        v.
                                               (ECF No. 101)
14   PARKER, *et al.*,

15              Defendants.

16

17        Plaintiff Gary Ray Bettencourt ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

18   *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on

19   Plaintiff's claims of deliberate indifference in violation of the Eighth Amendment against

20   Defendant Crooks for pulling two teeth that did not need to be pulled, and against Defendants

21   Parker and Guzman for filing down six healthy teeth with a dental tool used for drilling cavities.

22        Currently before the Court is Plaintiff's motion for leave to file a notice of appeal, filed

23   December 10, 2021.  (ECF No. 101.)  Although difficult to understand, it appears Plaintiff is

24   seeking leave to file a notice of appeal in the instant action.  Plaintiff has attached a copy of the

25   Court's October 8, 2021 order construing Plaintiff's filings as a motion for summary judgment,

26   denying the motion without prejudice to re-filing, and extending the deadline for Plaintiff to re-

27   file a motion for summary judgment.  (ECF No. 90.)  Defendants have not had an opportunity to

28   file a response, but the Court finds a response unnecessary.  The motion is deemed submitted.

1  Local Rule 230(l).

2      To the extent Plaintiff is seeking a certificate of appealability pursuant to Federal Rule of

3  Appellate Procedure 22(b), Plaintiff is advised that while certificates of appealability are required

4  in habeas corpus actions, they are not needed in a civil rights action pursuant to 42 U.S.C. § 1983,

5  such as this one.  Once judgment is entered in this action, if Plaintiff wishes to appeal the

6  judgment, he should file a notice of appeal in accordance with the Federal Rules of Appellate

7  Procedure.  *See* Fed. R. App. P. 3 & 4.

8      To the extent Plaintiff is requesting permission to file an interlocutory appeal of the

9  Court's October 8, 2021 order, the following legal standards apply.

10     An interlocutory appeal of a non-final order may be certified if the district court

11 determines that "such order involves a controlling question of law as to which there is substantial

12 ground for difference of opinion and that an immediate appeal from the order may materially

13 advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "Section 1292(b) is a

14 departure from the normal rule that only final judgments are appealable, and therefore must be

15 construed narrowly."  *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).

16 The purpose of the section is to "facilitate disposition of the action by getting a final decision on a

17 controlling legal issue sooner, rather than later" in order to "save the courts and the litigants

18 unnecessary trouble and expense."  *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d

19 1180, 1182 (C.D. Cal. 2004) (citation omitted).

20     "An issue is 'controlling' if its resolution could materially affect the outcome of the

21 litigation."  *Simmons v. Akanno*, No. 1:09-cv-00659-GBC (PC), 2011 WL 1566583, at *3 (E.D.

22 Cal. Apr. 22, 2011) (citing *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026

23 (9th Cir. 1981)).  In addition, "[t]he legal question must be stated at a high enough level of

24 abstraction to lift the question out of the details of the evidence or facts of a particular case and

25 give it general relevance to other cases in the same area of law."  *McFarlin v. Conesco Servs.,*

26 *LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).  "The antithesis of a proper § 1292(b) appeal is one

27 that turns on whether there is a genuine issue of fact, or whether the district court properly applied

28 settled law to the facts[.]"  *Id.*

1         It appears that Plaintiff is seeking review of the Court's decision to deny his motion for

2  summary judgment without prejudice, and allowing him to re-file his motion for summary

3  judgment.  Plaintiff may also be seeking review of the Court's prior orders denying his requests to

4  set this case for a settlement conference or for an order requiring Defendants to settle this matter

5  with Plaintiff.  (*See* ECF No. 101, pp. 4–5.)  Neither of these issues presents an appropriate basis

6  for an interlocutory appeal, as they do not present controlling legal questions that would facilitate

7  disposition of the action or materially advance the ultimate termination of this action by securing

8  a final decision on a controlling legal issue.  *See Adam Bros. Farming*, 369 F. Supp. 2d at 1182.

9         Accordingly, Plaintiff's motion for leave to file a notice of appeal, (ECF No. 101), is

10  HEREBY DENIED without prejudice.

11

12  IT IS SO ORDERED.

13      Dated:  __December 13, 2021__         ___/s/ *Barbara A. McAuliffe*___

14                                 UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28