# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY RAY BETTENCOURT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PARKER, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:16-cv-00150-DAD-BAM (PC)<br><br>ORDER DENYING REQUEST FOR NEW DOCKETING OF THE ENTIRE CASE FILING AND EARLY NOTICE OF APPEAL OR INTERLOCUTORY APPEAL<br><br>(ECF No. 105) |

　　　　Plaintiff Gary Ray Bettencourt ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's claims of deliberate indifference in violation of the Eighth Amendment against Defendant Crooks for pulling two teeth that did not need to be pulled, and against Defendants Parker and Guzman for filing down six healthy teeth with a dental tool used for drilling cavities.

　　　　Currently before the Court is Plaintiff's motion requesting "new docketing of the entire case filing," a notice of change of address, and "early notice of appeal, or interlocutory appeal, leave to file."  (ECF No. 105.)  It appears Plaintiff is requesting a copy of the docket sheet in this action to ensure that the Court received his response to Defendant's Opposition of Plaintiff's New Motion for Summary Judgment, and renewing his prior request to file an interlocutory appeal. Plaintiff's address will be updated on the docket, but his remaining requests are denied.

///

1 As Plaintiff was previously informed, generally, the Clerk's Office will provide copies for Plaintiff at a cost of $0.50 per page. Although the Court has made an exception for Plaintiff in the past, the Court does not find an exception appropriate here. The Court can confirm, however, that Plaintiff's Response to Defendant's Opposition to Plaintiff's New Motion for Summary Judgment was received and docketed on December 10, 2021. (ECF No. 100.) Plaintiff is advised that any future requests for copies will need to be paid for by Plaintiff, and that it is his responsibility to maintain copies of all documents submitted to the Court for filing. If Plaintiff needs confirmation that a motion has been received, he should include a copy of the original with a self-addressed stamped envelope with the correct postage, and the Clerk's Office will return a conformed copy to Plaintiff.

With respect to Plaintiff's request to file an appeal or interlocutory appeal, Plaintiff is again provided the following legal standards.

An interlocutory appeal of a non-final order may be certified if the district court determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). The purpose of the section is to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later" in order to "save the courts and the litigants unnecessary trouble and expense." *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004) (citation omitted).

"An issue is 'controlling' if its resolution could materially affect the outcome of the litigation." *Simmons v. Akanno*, No. 1:09-cv-00659-GBC (PC), 2011 WL 1566583, at *3 (E.D. Cal. Apr. 22, 2011) (citing *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981)). In addition, "[t]he legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *McFarlin v. Conesco Servs.,*

*LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).  "The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact, or whether the district court properly applied settled law to the facts[.]"  *Id.*

As it is not clear which of the Court's orders Plaintiff may be seeking to appeal, it does not appear that Plaintiff has identified any issue that presents an appropriate basis for an interlocutory appeal, such as one presenting controlling legal questions that would facilitate disposition of the action or materially advance the ultimate termination of this action by securing a final decision on a controlling legal issue.  *See Adam Bros. Farming*, 369 F. Supp. 2d at 1182.

Accordingly, Plaintiff's motion for a copy of the docket sheet and motion to file an appeal or interlocutory appeal, (ECF No. 105), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:  **March 3, 2022**              /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE